Arbie CLAY, Appellant,

v.

STATE of Indiana, Appellee.

No. 1279S364.

Supreme Court of Indiana.

Feb. 26, 1981.

James A. Neel, Indianapolis, for appellant.

Linley E. Pearson, Theodore L. Sendak, Attys. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a conviction for one court of robbery, a class A felony, for which appellant was sentenced to thirty years imprisonment, and two counts of burglary, for which he was sentenced to ten years on each count. The sentences run concurrently.

The appeal raises the issue of whether the thirty-year sentence for the robbery count is excessive and should be modified.

The evidence favorable to the State reveals the following: Appellant planned a burglary with two companions. They stole a car on September 26, 1978, to use to get to the area where they planned to commit the burglary. On September 27, 1978, they drove to the area and broke into and ransacked a house after determining that no one was at home. Appellant found some guns there and loaded one of them. The three also stole a stereo set, a microwave oven, knives, and other items, which they placed in the stolen car. They then found another house where no one was at home, kicked down the door, ransacked and vandalized the house and stole guns, television sets, cameras, two bullet proof vests, and a police radio.

As they were leaving the second house in the car, a police car followed them, a chase ensued, and they turned into a driveway of a third house to elude the police car. The owner of the house was working in his garage when the three men drove up. They entered the garage brandishing guns and told the owner that they wanted to hide the car in his garage. Appellant twice bound the owner's hands so tightly that he complained that the circulation was cut off, and appellant replied, "I don't care nothing about your circulation." At one point appellant hit the victim in the face with a gun and stomped on his glasses as they fell from his face. He demanded to know if the owner had any guns and when he replied that he had a rifle, appellant said that he wanted handguns only. After opening a safe in the owner's house and taking a coin collection, appellant bound the owner's legs, threw him into a closet, and pushed furniture in front of the door, saying, "You are going to suffocate in your own closet."

## I.

Appellant's first argument is that the injury he inflicted on the house owner was not serious enough to warrant conviction of a class A felony. Indiana Code § 35–42–5–1, reads:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear;

commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon, and a class A felony if it results in either bodily injury or serious bodily injury to any other person."

The robbery victim testified that he suffered a deep bruise to his sinus, a nosebleed for three days, and a headache for three weeks, as a result of the blow to his face.

Appellant correctly points out that the Legislature views a class A felony as much more serious than a class B felony, since the former calls for a fixed term of thirty years imprisonment and the latter calls for a fixed term of ten years (with aggravating and mitigating circumstances adding to or subtracting from the fixed terms). Appellant asks rhetorically, "How much more serious was the Appellant's crime than ... a class B felony?" And he answers: Only to the extent of a bruised nose. Appellant argues that such a minor "discomfort" can-

not reasonably be said to be the type of injury contemplated by the Legislature when it established the penalty for class A felonies. This argument is not persuasive.

The Legislature intended to make robbery a class A felony in two situations: (1) when bodily injury resulted to the person being robbed, and (2) when serious bodily injury resulted to any other person. Bodily injury to the robbery victim need not rise to the "serious" level to impose class A felony liability on the robber. The trial court properly convicted appellant of the class A felony.

## II.

Appellant next urges that in imposing the sentence of thirty years the court could not have considered, as it should have done, the factors set out in Ind.Code § 35–4.1–4–7 (35–50–1A–7, Burns 1979 Repl.):

"(a) In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person.

(b) The court may consider these factors as mitigating circumstances or as favoring suspending the sentence and imposing probation:

(1) The crime neither caused nor threatened serious harm.

\* \* \* \* \* \*

(8) The character and attitudes of the person indicate that he is unlikely to commit another crime."

Appellant concedes that it could be argued that the crime threatened serious harm. He urges, however, that such a threat exists in any armed robbery, and an armed robbery not resulting in bodily harm to the victim is merely a class B felony. The court, he argues, should have considered this as a mitigating circumstance. This is illogical. The crime clearly involved a threat of serious harm. The sentencing court may consider mitigation only in the absence of a threat of serious harm. That

such a threat necessarily accompanies the lesser B felony is irrelevant on the issue of mitigation.

The fact that there was no actual harm, appellant further argues, also should have been considered as a mitigating circumstance. This is also wrong. The court is permitted to consider as a mitigating circumstance the fact that the crime neither caused *nor* threatened serious harm. Both factors must be absent from the crime. Since one factor was present there was no ground for considering mitigation on the basis of the absence of the other factor.

## III.

Finally, appellant argues that the sentencing court failed to consider evidence set out in his pre-sentence memorandum showing that he was only eighteen and had demonstrated remorse by writing a letter of apology to his victims and the court.

He asks whether he could be expected to become a useful member of society after having served, even with "good time" credit taken into consideration, at least fifteen years for bruising a man's nose.

The scope of appellate review of sentences is set out in Ind.R.App.R.S. 2:

"(1) The reviewing court will not revise a sentence authorized by statute except where such is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

Since the sentence is clearly authorized by statute we need to determine only whether no reasonable person could find the sentence inappropriate to the particular offense and the character of the offender.

In deciding on the imposition of the presumptive thirty-year sentence, the sentencing court is presumed to have taken into account the mandatory provisions of § 35–50–1A–7:

"[T]he risk that the person will commit another crime, the nature and circumstance of the crime committed, and the prior criminal record, character, and condition of the person." *Gardner v. State,* (1979) Ind., 388 N.E.2d 513, 517.

We will assume that the court considered, as it should have, the age of the appellant and his remorse as mitigating circumstances. But in light of the nature of this crime spree, and the prior criminal record revealed by the pre-sentence report, which included an armed robbery, class B felony conviction, the sentencing judge, we presume, did not find that the mitigating circumstances warranted a reduced sentence.

We cannot say that the sentence is manifestly unreasonable in light of these considerations.

The sentence of the trial court is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.