**Maryellen FREED, Appellant**
**(Defendant Below)**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below)**

No. 384S76.

Supreme Court of Indiana.

July 30, 1985.

Susan K. Carpenter, Public Defender of Ind., David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant-Defendant Maryellen Freed was convicted of Kidnapping, a class A felony, by a jury in the Owen County Circuit Court. The Honorable Charles W. Edwards sentenced Freed to a term of thirty (30) years to be served in the Indiana Women's Prison. She now appeals and raises the following four issues:

1. error by the trial court in imposing the presumptive sentence;

2. error by the trial court in denying Defendant's motion for a mistrial;

3. error by the trial court in allowing expert witnesses to testify as to Defendant's legal sanity; and

4. insufficiency of the evidence.

On October 9, 1979, approximately 2:00 a.m., reserve deputy town marshall Susan Sachtjen was on patrol. She noticed an automobile near the Owen County Jail and drove over to investigate it. Sachtjen noticed a woman on foot nearby. When Sachtjen approached her and asked if she were looking for someone, the defendant pointed a sawed-off shotgun at Sachtjen and said, "I don't want to hurt you, lady, but I want Richard Joseph out of jail." Sachtjen, following Defendant's instructions, got out of the car and led Defendant into the jail. Therein they encountered John Barker, the sheriff's dispatcher. Defendant held Barker and Sachtjen at gun point until Barker released Richard Joseph. Joseph then took Sachtjen's gun, locked Sachtjen and Barker in Joseph's cell, took two revolvers from the dispatch office and left with Defendant. Joseph and Defendant were arrested in Ripley County on October 22, 1979 after Joseph robbed a bank in Friendship.

I

Appellant Freed first argues the trial court erred by finding there were no circumstances which should mitigate the

sentence imposed. The trial court imposed the presumptive sentence of thirty (30) years for Appellant's kidnapping conviction. A reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Further, a sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. Ind.R.App.P. 2. When a trial court imposes the basic sentence was imposed. Ind. R. App. Rev. Sen. 2. will assume that it considered the factors listed in Ind.Code § 35–4.1–4–7. [§ 35–50–1A–7 (Burns 1979)] [repealed effective September 1, 1983; replaced by § 35–38–1–7 (Burns 1985)]. *Page v. State*, (1981) Ind., 424 N.E.2d 1021; *Gardner v. State*, (1979) 270 Ind. 627, 388 N.E.2d 513. Appellant acknowledges the trial court did not rely upon any of the aggravating factors listed in the pre-sentence investigation report, but argues numerous mitigating factors existed which the trial court should have considered in determining sentencing. However, the finding of mitigating factors is within the discretion of the trial court. *Johnson v. State*, (1983) Ind., 447 N.E.2d 1072. Further, we have held a sentencing court should consider mitigation only in the absence of the threat of serious harm. *Clay v. State*, (1981) 275 Ind. 256, 416 N.E.2d 842. Although Appellant asserts she did not intend to harm anyone, she threatened Sachtjen with a sawed-off shotgun to gain the release of a convicted criminal. Upon reviewing Appellant's list of mitigating factors, we find the trial court did not abuse its discretion by determining no mitigating circumstances existed. Contrary to Appellant's contention, the thirty (30) year sentence is not manifestly unreasonable in light of the facts that the kidnapping was accomplished by threat of use of deadly force and that aggravating as well as mitigating circumstances were not found to exist by the trial court. Accordingly, Appellant has failed to demonstrate error by raising this issue.

## II

Next Defendant argues the trial court erred by denying her motion for a mistrial. Appellant's sister testified at trial regarding Appellant's lack of a criminal history. During cross-examination, the State inquired as to whether Appellant was "promiscuous". Appellant immediately objected and in a discussion outside the presence of the jury, moved for a mistrial. The State argued the question was proper in light of Appellant's insanity defense and offer of a character witness. The State, however, eventually withdrew the question and the trial court denied Appellant's motion for a mistrial. Pursuant to defense counsel's request, the trial court admonished the jury to disregard the question. Appellant now asserts she was placed in a position of grave peril to which she should not have been subjected.

When the jury is admonished by the trial court to disregard what has occurred at trial, the court's refusal to grant a mistrial is not ordinarily reversible error. *Ramos v. State*, (1982) Ind., 433 N.E.2d 757, *reh. denied.* Further, when a defendant enters a plea of not guilty by reason of insanity, such plea opens the door to all evidence relating to the defendant's past behavior. *Coble v. State*, (1985) Ind., 476 N.E.2d 102. In the instant case, the trial court's admonishment was adequate to cure any prejudice that possibly may have resulted from the question. Accordingly, the trial court did not err by denying Appellant's motion for a mistrial.

## III

Appellant next contends the trial court erred by failing to *sua sponte* prohibit expert witnesses from testifying as to their opinions regarding Appellant's sanity which was an ultimate fact in issue. In her argument Appellant acknowledges the weight of authority is against her, but requests this Court to reverse its position in this area. We remain uninclined to do so and reaffirm the governing principles of

law. An expert witness' testimony is admissible upon the issue of sanity because of his specialized knowledge of the subject matter. *McCall v. State*, (1980) 273 Ind. 682, 408 N.E.2d 1218. Both court appointed psychiatrists properly testified that in their opinion Appellant was legally sane at the time of the commission of the crime. According to existing principles of law, the trial court did not err by allowing expert witnesses to testify as to their opinions regarding Appellant's sanity.

## IV

■ Finally, Appellant argues the evidence was insufficient to sustain her conviction. She argues that it was not her conscious objective to remove Susan Sachtjen from one place to another by force or threat of force. When this Court is confronted with a challenge to the sufficiency of the evidence, it neither weighs evidence nor judges credibility; rather, we examine only the circumstantial and direct evidence most favorable to the State, together with all reasonable inferences which can be drawn therefrom. If there is substantial evidence of probative value to support the conclusion that the Defendant is guilty beyond a reasonable doubt, the verdict will not be set aside. *Marbley v. State*, (1984) Ind., 461 N.E.2d 1102. At trial it was established that Appellant encountered Sachtjen in the street outside the Owen County Jail, pointed a sawed-off shotgun at her and demanded the release of Richard Joseph from jail. They then proceeded into the jail to secure Joseph's release. Although Appellant's state of mind was proved only by circumstantial evidence, it is not necessary that this Court find that such evidence excluded every reasonable hypothesis of innocence. Rather, it need only find that inferences may reasonably be drawn which support the finding of guilt. *Gilmore v. State*, (1981) 275 Ind. 134, 415 N.E.2d 70. The only reasonable inference in this case was Appellant intended for Sachtjen to go, at gun point, from the parking lot into the county jail. Accordingly, there was sufficient evidence that Appellant intentionally removed Sa-

chtjen from the car and into the jail by force or threat of force.

■ Appellant also argues the weight of evidence supported her insanity defense and that she was therefore incapable of forming any criminal intent. The law is clear she had the burden of establishing that due to a mental disease or defect she was unable to tell right from wrong or conform her conduct to the law. Ind.Code § 35–41–4–1(b) (Burns Repl.1979). In the present case, both court appointed psychiatrists testified that although Defendant had emotional and mental disorders, she knew right from wrong and had the capacity to conform her conduct to the law at the time of the commission of the offense. Consequently, there was sufficient evidence to sustain Appellant's conviction. There is no error shown by this issue.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.