Joann WILLIAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 384S88.

Supreme Court of Indiana.

Jan. 14, 1986.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In December of 1976, appellant was tried and convicted for First Degree Murder and Murder in the Perpetration of a Robbery. In July of 1978, that conviction was affirmed by this Court. *Williams v. State* (1978), 268 Ind. 618, 377 N.E.2d 1340. In October of 1983, the trial court denied appellant's Petition for Post-Conviction Relief, from which decision she now appeals. We affirm the trial court.

Appellant first claims her appellate counsel rendered ineffective assistance by failing to raise on appeal all issues reserved in her motion to correct error. In determining competency of counsel, either at the trial level or the appellate level, this Court follows the guidelines laid down in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. We will not speculate as to what might have been the most advantageous strategy in a particular case.

At the post-conviction relief hearing, appellate counsel, John H. McKenna, stated that the allegations contained in the motion to correct error which he did not address on appeal were examined by him and believed by him not to be viable in that he "didn't think that they were issues that would result in a favorable judgment by the Supreme Court." Appellant takes the position that McKenna should have raised

each of the assignments of error in the Supreme Court and should have allowed the Court to decide whether they were viable or not. We recognize that it is not appellate counsel's duty to examine the record and declare no error whatever, thus foregoing an appeal. *See Hendrixson v. State* (1974), 161 Ind.App. 434, 316 N.E.2d 451, *on reh'g.* However, this does not mean that appellate counsel is required to argue frivolous contentions or contentions that are clearly against all weight of authority and to which no genuine justiciable argument can be addressed.

Appellant makes no argument whatsoever concerning several of the assignments of error which McKenna did not present to the Supreme Court. However, she does cite an assignment of error not raised by McKenna to the effect that the trial court erroneously denied challenges for cause for jurors in violation of a statute and her right to a fair and impartial jury. To support this contention, appellant cites Ind. Code § 35–1–30–4 (West 1978) (repealed by Acts 1981, P.L. 298, recodified at Ind.Code § 35–37–1–5) which in pertinent part reads as follows:

"The following are good causes for challenge to any person called as a juror in any criminal trial:

\*     \*     \*     \*     \*     \*

(10) That he has been called to sit on the jury at his own solicitation or that of another."

It is appellant's position that this statute barred four of the jurors from participating at the trial. The four jurors in question had a few hours previous to being called to appellant's jury served as members of a jury in a prior case. When they appeared for jury duty, they were asked if they were willing to serve in another case on such short notice, to which they replied in the affirmative. Appellant takes this as a violation of the statute in that she interprets their affirmative reply to the inquiry as a solicitation for service on a jury. We do not view such a reaction in that manner. Appellant's trial counsel did in fact challenge the jurors for the reason that they

had deliberated in a case which had concluded just a few hours earlier.

■  Appellant misconstrues Ind.Code § 35–1–30–4. The obvious intent of the statute is to preclude service of persons who have such an interest in a case that they wish to inject themselves into the fact-finding process. Such is not the situation in the case at bar. The jurors had in fact just participated in another case; however, they were on the regular panel and when given the opportunity to serve again they consented to do so.

■  The author of appellant's brief takes considerable license in drawing conclusions as to the physical and mental attitude of these questioned jurors. Appellant's brief states the jurors "were weary," that they carried over "notions of culpability and equity from the earlier trial," that "[t]hey had deliberated previously as a foursome and thus represented too orchestrated a faction during the deliberation in Williams' trial," and further that "[t]he four jurors considered the evidence against Williams as a result of their voluntarism." These observations are wholly unsupported by the record. The four jurors did no more than agree to serve even though they had previously served and could conceivably have been excused because of their prior service. The trial court did not err in denying the challenges to the four jurors.

Appellant claims his trial counsel was ineffective for the following failures: 1) to employ the proper means by which to challenge the four jurors; 2) to forward a defense of intoxication in order to negate specific intent; and 3) to investigate a statement by co-defendant Burnett that exculpated her. As to counsel's failure to challenge the four jurors, appellant claims they easily could have been challenged by demonstrating they had solicited jury service. This question was dealt with previously in this opinion and needs no further comment other than to say that counsel would not have been successful if he had chosen such an avenue, thus there is no demonstration of his ineffectiveness on that subject.

As to the question of appellant's intoxication, trial counsel did discuss her degree of intoxication with her but stated that in his opinion her intoxication was insufficient to be used as a defense. As to the question of a statement by co-defendant Burnett that exculpated appellant, this merely amounted to a statement made by Burnett to appellant's mother that appellant had done nothing wrong. Appellant takes the position that her mother should have been called to the witness stand by her counsel to bring this statement out. The statement is so weak and noncommittal in the first place and coming from the appellant's mother it would have meant virtually nothing in the prosecution of the case.

This Court will not second-guess counsel on trial tactics. Counsel will not be second-guessed concerning the presentation of weak or questionable evidence. *Strickland, supra.*

The trial court is in all things affirmed.

All Justices concur.