**James HEYWARD, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 49A04–8707–PC–222.

Court of Appeals of Indiana, First District.

June 2, 1988.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

James Heyward appeals the denial of his petition for post-conviction relief. We remand this case with instructions to reduce the robbery conviction to class B felony robbery, and we affirm in all other respects.

## FACTS

On July 29, 1982, a woman ran into the M & D Lounge shouting that a man was after her. She hid in a back room and, shortly thereafter, Heyward entered the establishment carrying an automatic pistol. He asked where the woman was and said he intended to kill her. He forced the patrons and employees to lie on the floor and stated his intent to rob the cash register. He then ordered the patrons to move to a back room. As he herded them into the room, he struck Dan Brown on the head with his pistol. Acting on Heyward's orders, the bartender began to empty the cash register. Heyward took the money and left. Shortly thereafter, he was apprehended by police and identified at the scene.

Heyward was charged with robbery, a class A felony, confinement, a class B felony, and carrying a handgun without a license, a class A misdemeanor. He was convicted on all counts and sentenced to a total of thirty-six years imprisonment. He filed a direct appeal and the supreme court affirmed the convictions. 470 N.E.2d 63.

In December of 1985, Heyward filed a petition for post-conviction relief. This appeal follows the denial of his petition.

## ISSUES

Heyward raises the following issues for our consideration:

(1) Did fundamental error occur when Heyward was convicted of class A felony robbery and the information charged him only with causing "bodily injury" to a person other than the victim?

(2) Did fundamental error occur when one of the state's witnesses commented on Heyward's post-arrest, post-*Miranda* [1] silence?

(3) Did fundamental error occur when the final instructions were sent to the jury room during deliberations?

(4) Did Heyward receive ineffective assistance of counsel both at trial and on direct appeal?

## DISCUSSION AND DECISION

Fundamental error is blatant error which, if not rectified, would deny a petitioner "fundamental due process." *Haggenjos v. State* (1986), Ind., 493 N.E.2d 448, 450. A claim of fundamental error can be raised in a petition for post-conviction relief regardless of whether the issue normally would have been waived on direct appeal. *Id.* In this case, Heyward failed to preserve for review on direct appeal the errors asserted on this appeal. Thus, unless these errors are of fundamental magnitude, they are deemed waived. Ind. Rules of Procedure, Trial Rule 59(D) and Appellate Rule 8.3(A)(7).

## ISSUE ONE:

Heyward first contends that his conviction of class A felony robbery constituted fundamental error. The robbery statute in effect in July of 1982, when the alleged crime was committed, provided as follows:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

---

1. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear; commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon, and a class A felony if it results in either bodily injury or serious injury to any other person.

IND. CODE 35–42–5–1 (1980 Supp.). The Indiana Supreme Court interpreted the language of the statute to mean that robbery is a class A felony in two situations: (1) when any "bodily injury" results to the person being robbed, and (2) when "serious bodily injury" results to any other person. *Hill v. State* (1981), Ind., 424 N.E.2d 999, 999–1000; *Clay v. State* (1981), 275 Ind. 256, 259, 416 N.E.2d 842, 844.

■ The state argues that a non-victim need suffer only "bodily injury" in order for the robbery charge to be elevated to a class A felony. The state relies on *Stark v. State* (1986), Ind., 489 N.E.2d 43, and *Bailey v. State* (1980), 274 Ind. 318, 412 N.E.2d 56, as support for this argument. In *Stark*, the supreme court stated that, "[u]nder the applicable statute, robbery is a Class A felony if it results in bodily injury." *Stark*, 489 N.E.2d at 48. However, that case did not involve any issue regarding the severity of bodily injury which a non-victim must incur in order to elevate the robbery charge to a class A felony. Instead, that case involved the issue of whether the state must prove that the defendant intended to cause bodily injury. Thus, we are unpersuaded that the supreme court's statement supports the state's argument in this case.

Likewise, in *Bailey*, the supreme court was not faced with a severity of injury issue when it stated that "[i]f an injury to any other person arises as a consequence of the conduct of the accused in committing a robbery, the offense is properly regarded as a class A felony." *Bailey*, 412 N.E.2d at 59. Rather, the court made this statement in response to the defendant's challenge to the causation language contained

in the statute. We therefore are unpersuaded that such a statement supports the state's position in this case.

■ On several occasions, our courts have held it fundamental error to charge a defendant with causing "bodily injury" and convict him of a crime for which causing "serious bodily injury" is a required element. *Yarbrough v. State* (1986), Ind., 497 N.E.2d 206; *Peek v. State* (1983), Ind.App., 454 N.E.2d 450; *Allison v. State* (1973), 157 Ind.App. 277, 299 N.E.2d 618. In the present case, the information charged that Heyward

... did knowingly, while armed with a deadly weapon, to-wit: A HANDGUN take from the person or presence of ALICE WILSON property, to-wit: UNITED STATES CURRENCY by putting ALICE WILSON in fear or by using or threatening the use of force on ALICE WILSON which resulted in *bodily injury* to DAN BROWN, to-wit: A LACERATION TO THE HEAD, all of which is contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana.

(R. 2) (Emphasis added) The state, by its charge, made it clear that Alice Wilson was the victim of the alleged robbery. Thus, in order to convict Heyward of class A felony robbery, the state was required to allege that Dan Brown, a non-victim, suffered "serious bodily injury" as a result of Heyward's acts. *Hill*, 424 N.E.2d at 999–1000; *Clay*, 275 Ind. at 259, 416 N.E.2d at 844. The state's failure to do so constituted fundamental error.[2] The proper remedy in this situation is to modify rather than reverse the conviction. *See Peek, supra.* We therefore remand this cause to the trial court with instructions to enter a judgment modifying Heyward's robbery conviction, thereby convicting him of class B felony robbery rather than class A felony robbery.

ISSUE TWO:

■ Heyward next contends that fundamental error occurred when a police officer testified regarding Heyward's post-arrest,

---

2. Heyward also argues that the jury was not instructed adequately regarding class A felony robbery. Our holding on the state's failure to charge, however, is dispositive of the issue.

post-*Miranda* silence. In *Doyle v. Ohio* (1976), 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed. 2d 91, the United States Supreme Court held that the use of evidence of a defendant's silence following arrest and *Miranda* warnings, whether for substantive or impeachment purposes, violates the defendant's right to due process. The Court reasoned that it would be fundamentally unfair to allow evidence of such silence to impeach a defendant's exculpatory explanation at trial as the *Miranda* warnings implicitly assure a defendant that his silence will carry no penalty. *Doyle*, 426 U.S. at 617–618, 96 S.Ct. at 2244–2245. In *Greer v. Miller* (1987), 483 U.S. ——, 107 S.Ct. 3102, 97 L.Ed.2d 618, the Supreme Court distinguished the *Doyle* case and upheld the defendant's conviction where the trial court sustained an objection to the only question regarding the defendant's post-arrest silence, the jury was admonished, and no further questioning or argument regarding the silence occurred during the trial.

The Indiana Supreme Court has held that a violation of the *Doyle* rule may constitute fundamental error. *Wilson v. State* (1987), Ind., 514 N.E.2d 282, 284. Thus, in the present case, the state's argument that Heyward failed to preserve this issue for review is unavailing.

■ Improper questioning regarding post-arrest silence may be deemed harmless, however, if the court, after assessing the record as a whole to determine the probable impact of the improper evidence on the jury, concludes beyond a reasonable doubt that the error did not influence the verdict. *Henson v. State* (1987), Ind., 514 N.E.2d 1064, 1067.

In *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, *cert. denied*, (1986), 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349, this Court looked to the following five factors to assist the analysis in determining whether a *Doyle* violation constitutes harmless error: 1) the use to which the prosecution puts the post-arrest silence; 2) who elected to pursue the line of questioning; 3) the quantum of other evidence indicative of guilt; 4) the intensity and frequency of the reference; and 5) the availability to the trial judge of an opportunity to grant a motion for mistrial or to give curative instructions. *Henson, supra* at 1067.

■ In this case, the only reference to Heyward's post-arrest silence occurred during the state's direct examination of police officer, Ernest Miller:

[Prosecutor]: And did he [Heyward] say he understood those rights?

[Miller]: Yes he said he knew his damn rights and he didn't want to talk to me.

(R. 276) Although defense counsel followed-up with a few preliminary questions, the state discontinued any questioning on the subject of Heyward's silence. Moreover, the isolated reference to Heyward's silence was offered by the officer in response to a question which he could have answered merely "yes" or "no." We are unpersuaded that the prosecutor engaged in any calculated attempt to use Heyward's silence either for substantive or impeachment purposes. Our review of the record reveals that, given the quantum of evidence of Heyward's guilt, the jury was not impacted by the officer's isolated reference to his silence. Therefore, no fundamental error occurred in this regard.

ISSUE THREE:

■ Heyward next contends that fundamental error occurred when the jury was furnished a copy of the jury instructions during deliberations. He specifically asserts that the instructions contained extraneous material which prejudiced his case. The record reveals, however, that although the state and Heyward each submitted instructions containing citations to law and indicating the proponent of each instruction, these instructions were retyped before they were given to the jury. The instructions given to the jury therefore did not contain any extraneous information. Thus, because the instructions were read in open court, it was not error to send them into the jury room. *Wood v. State* (1987), Ind., 512 N.E.2d 1094; *Maxie v. State* (1985), Ind., 481 N.E.2d 1307; *Jameison v. State* (1978), 268 Ind. 599, 377 N.E.2d 404.

ISSUE FOUR:

Lastly, Heyward contends he was denied effective assistance of counsel both at trial and on direct appeal. Specifically, he argues that his counsels' failure to raise the substantive issues discussed in sections One through Three of this opinion constitutes ineffective assistance of counsel.

■ The standard for determining the competency of counsel is the same for both appellate and trial counsel. *Mato v. State* (1985), Ind., 478 N.E.2d 57. There is a presumption that counsel is competent. The presumption must be rebutted by strong and convincing evidence. *Howell v. State* (1983), Ind., 453 N.E.2d 241. Isolated poor strategy, inexperience or bad tactics will not necessarily amount to ineffective assistance of counsel. *Ellioitt v. State* (1984), Ind., 465 N.E.2d 707. However, when counsel's failure to act is based on his ignorance of the law, that nonfeasance is not deemed a mere strategy decision. *Smith v. State* (1979), 272 Ind. 216, 396 N.E.2d 898.

The proper standard for attorney performance is that of reasonably effective assistance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

■ Appellate counsel is not required to argue meritless contentions or contentions which clearly defy the evidence and to which no genuine justiciable argument can be addressed. *Williams v. State* (1986), Ind., 487 N.E.2d 441, 443. Neither must trial counsel object to the introduction of unobjectionable evidence. *See Grigsby v. State* (1987), Ind., 503 N.E.2d 394 (a defendant asserting counsel was ineffective for failing to object must show that, had the objection been made, it would have been sustained). We therefore conclude that as to issues two and three raised herein, Heyward received effective assistance of counsel.

As to issue one, Heyward's attorneys should have been aware of the distinction between "bodily injury" and "serious bodily injury" to a non-victim. *See Hill, supra,* and *Clay, supra.* However, as discussed in section one of this decision, the proper remedy in this situation is to remand the case for entry of a judgment of conviction of class B felony robbery. Thus, Heyward has failed to demonstrate that any ignorance on the part of his attorneys would require a complete reversal of his robbery conviction. We therefore remand this case to the trial court with instructions to reduce the class A felony robbery conviction to a class B felony robbery conviction. We affirm in all other respects.

Affirmed and remanded with instructions.

GARRARD, P.J., and NEAL, J., concur.