David L. GREEN, Appellant,

v.

STATE of Indiana, Appellee.

Nos. 49S00–8807–CR–608.

Supreme Court of Indiana.

Aug. 30, 1989.

Howard Howe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Murder, for which he received a sentence of sixty (60) years.

The facts are: On the morning of July 18, 1987, Kevin Thompson was walking to work in Speedway when he found the badly-beaten body of a woman near a brick wall at Hermitage Apartments. Police observed what appeared to be a trail of blood which led to room 234 of the American Inn Motel, which was adjacent to the Hermitage Apartments. Inside the room they found blood stains on the carpet and walls.

Michelle Slinker testified that at approximately 5:00 a.m. on July 18, 1987 she was awake in her room at the American Inn and heard loud thumping noises for twenty to thirty minutes from the room above her. She stayed in the room directly below room 234. After the thumping stopped, she heard the door close, then the sound of someone dragging something down the steps with the object hitting every step. After a short while, she looked out the window and observed a white male wearing jeans and a dark coat starting his motorcycle, then he drove off.

Juanita Cornett was the desk clerk at the American Inn on July 17, 1987. She testified that appellant checked into the inn on that day and was assigned room 234. She recognized appellant because she had checked him in three or four times previously that year. She stated that on appellant's registration he wrote that he was driving a Harley Davidson, license number 2440. When he checked in, he was wearing jeans and a black leather jacket. Police investigation traced the license number to appellant's address in Indianapolis, where he was arrested. At that location, police found his motorcycle and a black leather jacket.

Jennifer Ramsey testified that on July 17, 1987 she was working in her husband's motorcycle repair shop on West 16th Street when appellant came in the store dressed in jeans and a black leather jacket. She recognized appellant because he frequented their store. She stated that he was with a young woman and she identified a photograph of Tammy Lott, the victim in this case, as the woman who was accompanying him. Appellant introduced her to them as "Tammy." Jennifer stated that they left

to obtain some beer from a nearby bar and they brought it back to the store and drank it. Later that afternoon appellant and Tammy appeared to be having an argument outside the store, and when they returned, Tammy was very quiet.

Appellant gave a statement to police in which he admitted checking into the hotel and meeting the victim. However, he stated that he found her standing on the side of the road, and she already was injured and appeared to have been through a meat grinder. He stated that he put her on the back of his motorcycle and took her to his room and offered to help her, but she refused. He said he carried her to the brick wall and left her there because she had told him to leave her alone. Later, he gave a different version of the story, stating that he and the victim separated, and when she returned to his room, she was injured.

The coroner testified that with her injuries, she lived for only minutes or seconds, and she could not have walked or talked. He described the numerous injuries covering the victim's body including evidence of beating and manual strangulation. He stated that she died from multiple blunt force injuries to the head and neck.

Dr. Donald Marlin testified that he compared bite marks on the victim's body with a dental impression of appellant's teeth and concluded that it was probable that appellant had caused the bite marks.

■ Appellant argues the evidence is insufficient to support his murder conviction. He contends that witnesses merely testified that they had seen him with the victim the day before the murder, but no evidence established that he was the person who killed her. He asserts that mere presence at the scene of the crime is insufficient to sustain a conviction.

On appeal, this Court will not reweigh the evidence or judge the credibility of the witnesses. *Hooks v. State* (1980), 274 Ind. 176, 409 N.E.2d 618. A conviction may be sustained by circumstantial evidence alone. *Rondon v. State* (1989), Ind., 534 N.E.2d 719. Upon a review of cases in which the evidence is circumstantial, it is not necessary that every reasonable hypothesis of

innocence has been overcome, but only that an inference which supports the jury verdict may be reasonably drawn. *Freed v. State* (1985), Ind., 480 N.E.2d 929. We find that the evidence above-stated sufficiently supports appellant's murder conviction.

Appellant contends the trial court erroneously allowed the admission of State's Exhibit No. 47 into evidence. The exhibit was a record fingerprint card of Tammy Lott which was intended to show that the prints matched those of the body. Appellant contends the proper foundation for the admission of business records was not established prior to its admission.

The record shows that during the testimony of a criminal investigator the State moved to admit Exhibit No. 47, and appellant objected to its admission on the ground that no proper foundation had been established for the admission of a business record. His objection was sustained and the exhibit was not admitted at that time. Later, during the testimony of the keeper of records for the Indianapolis Police Department, the State again moved for the admission of Exhibit No. 47, and it was admitted after appellant stated he had no objection to its admission. Appellant now states it should not have been admitted because the proper foundation was not established.

■ The failure to object to an alleged error results in waiver of that issue for purposes of appeal. *McCraney v. State* (1981), Ind., 425 N.E.2d 151. Additionally, appellant was not prejudiced by the admission of the fingerprint card which established the victim's identity because it was merely cumulative of the witnesses' testimony proving that same fact. *Watkins v. State* (1984), Ind., 460 N.E.2d 514.

Appellant argues that he was prejudiced by the surprise admission of Exhibit No. 50, a photograph of the victim. The photograph depicted the victim while she was alive and seated next to a little girl. Appellant contends that the admission of the photograph was a violation of the rules of discovery.

The State responded to appellant's objection by noting that the photograph had been in their possession for a while and was listed in discovery as a photograph which was available upon request at the prosecutor's office. The State's supplemental notice of discovery compliance lists "copies of photos of Tammy Jo Lott." Upon appellant's objection, he stated that he had been furnished about one hundred photographs and this one was not included. The trial court considered the conflicting stories and admitted the photograph over appellant's objection.

■ The trial court is given deference in determining what constitutes substantial compliance with its discovery order and will not be reversed absent clear error. The exclusion of evidence as a sanction for discovery abuse is not proper unless there is a showing that the prosecution engaged in deliberate or otherwise reprehensible conduct which thwarted the defendant's right to a fair trial. *Carter v. State* (1987), Ind., 512 N.E.2d 158.

■ No evidence exists that the prosecution deliberately or intentionally avoided submitting the photograph to appellant. Appellant makes the general assertion that the admission of the photograph denied him the opportunity to prepare his defense, but he does not state how or why. The photograph was merely used for identification purposes. We find the trial court did not abuse its discretion in admitting the photograph.

■ Appellant alleges he was erroneously denied the right to cross-examine a witness. He states that he was unable to pursue cross-examination of the victim's husband for the purpose of exposing his motives for killing the victim.

The trial judge is allowed to control the conduct of cross-examination, and we will find reversible error only where there is an abuse of discretion. *Halbig v. State* (1988), Ind., 525 N.E.2d 288.

The record shows that during the cross-examination of the victim's husband, he discussed the fact that she had called him and asked him for money shortly before her murder. During his cross-examination, the trial court sustained relevancy objections to questions regarding the intoxication of the victim and whether they had broken up because she started seeing another man.

To show an abuse of discretion by the trial court in limiting cross-examination, appellant must show how he was prejudiced by the trial judge's actions. *Carter v. State* (1987), Ind., 505 N.E.2d 798. At trial, appellant made no assertion that he was pursuing the disclosure of a motive. He does not state in his brief what evidence he would have procured from cross-examining the husband which would have established his motive to kill his wife. We find that appellant has failed to establish prejudice when the trial court sustained the State's objections.

Appellant argues the trial court erroneously admitted his statement before the State established the *corpus delicti*, and he incorporates his argument that his conviction was not supported by sufficient evidence.

■ For a confession to be admissible, the State was required to present evidence which showed that the specific crime charged was committed by someone. The State is not required to prove the *corpus delicti* by independent evidence prior to the admission of a confession, provided the totality of independent evidence presented at trial establishes it. *Wissman v. State* (1989), Ind., 540 N.E.2d 1209.

We stated above that the evidence was sufficient to support his conviction. We find the *corpus delicti* was adequately established at trial.

■ Appellant contends his motion to suppress his statement should have been granted. However, though appellant made a prior continuous objection for the reasons assigned in his motion to suppress, when the State moved to admit his statement he specified that he had no objection to its admission. Reversible error cannot be based upon the trial court's overruling of a motion to suppress. Error must be based

upon a timely objection made at the time the evidence is offered during the trial. *Pointon v. State* (1978), 267 Ind. 624, 372 N.E.2d 1159. There was no error in the admission of appellant's statement.

Appellant alleges he was denied a fair trial because his Tendered Instruction No. 1 was refused. The instruction was on the defense of intoxication.

The choice of instructions lies largely within the trial court's discretion. We will reverse only where there is shown to be an abuse of discretion. When we review a trial court's refusal to give an instruction, we consider: 1) whether the tendered instruction was a correct statement of the law; 2) whether there was evidence to support the giving of the instruction; and 3) whether the substance of the tendered instruction was coverd by other instructions given by the court. *Gross v. State* (1987), Ind., 506 N.E.2d 17.

Appellant does not state in his brief nor do we find in the record what evidence would have supported an instruction on the intoxication defense. A co-worker of appellant testified about his non-violent nature, and he also stated that if appellant had more than two beers he would fall asleep. Because there was no evidence to support the giving of the instruction, we find no error in its refusal.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.