**Anthony OWENSBY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 27A02–8810–PC–379.**

Court of Appeals of Indiana,
Second District.

Feb. 8, 1990.

Transfer Denied May 1, 1990.

Susan K. Carpenter, Public Defender, Hilary Reeve, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Anthony Owensby (Owensby) appeals the denial of his Petition for Post Conviction Relief.

We affirm.

Owensby was charged with three co-defendants by information with robbery, a class A felony. Following a jury trial, Owensby was convicted and sentenced to a prison term of thirty years. The conviction was affirmed on direct appeal. *Owensby v. State* (1984) Ind., 467 N.E.2d 702.

On September 23, 1985, Owensby filed a *pro se* Petition for Post Conviction Relief which, by counsel, was amended on April 6, 1988. Following a hearing, the petition was denied and Owensby instituted this appeal. He presents the following issues:

(1) Whether the charging information was sufficient to put Owensby on notice of the nature of the charge against him;

(2) Whether Owensby was convicted of a crime with which he was not charged; and

(3) Whether Owensby was improperly sentenced because the trial court failed to consider mitigating factors when imposing the presumptive sentence.

## I.

The information charging Owensby was labeled "Information for Robbery (resulting in bodily injury) (Class A Felony)." Trial Record at 27. The body of the information charged that Owensby, on or about April 7, 1981:

> "did knowingly and by shooting Malcolm Hall with a gun take property, to-wit: wallet, five dollars U.S. Currency and a gold Texas Instruments brank [sic] men's wrist watch from said Malcolm Hall." Trial Record at 27.

The robbery statute in effect at the time the offense was allegedly committed provided that robbery was a class B felony if committed with a deadly weapon, becoming a class A felony if resulting in bodily injury or serious bodily injury to any other person. I.C. 35–42–5–1 (Burns Code Ed.Repl. 1979).

Owensby claims on post-conviction that the facts alleged in the charging information merely charged a class B felony, not a class A, because there was no mention of injury to the victim, Malcolm Hall. Thus his first argument is that he was not sufficiently apprised of the nature and cause of the charge against him.

■ We note at the outset that this issue was available to Owensby on direct appeal but was not asserted. *See Owensby, supra,* 467 N.E.2d 702. Generally, an allegation of error available but not asserted on direct appeal is waived for purposes of post-conviction relief. *Music v. State* (1986) Ind., 489 N.E.2d 949. In this case, however, the State, while asserting waiver in its answer, did not pursue this defense at the PCR hearing, choosing to argue solely on the merits. Similarly, at least with regard to this issue, the trial court made a determination solely on the merits. Therefore we must conduct our review on the merits. *Dodson v. State* (1987) Ind., 502 N.E.2d 1333; *Richardson v. State* (1982) Ind., 439 N.E.2d 610.

■ In *Smith v. State* (1984) Ind., 465 N.E.2d 702, 704, our Supreme Court stated:

> "It is well settled that an information must state the crime in words of the statute or words that convey a similar meaning. However, the exact words of the statute need not be employed ... The accused must be sufficiently apprised of the nature of the charges against him so that he may anticipate the proof and prepare a defense in advance of trial ... Minor variances from the wording of a statute do not make an information defective so long as the words, construed according to their common usage, do not mislead the accused or do not omit an essential element of the crime." (Citations omitted).

Owensby's assertion appears to be that he was misled by the words "shooting Malcolm Hall with a gun" and the failure to specifically state that Hall received an injury. He claims that while he was put on notice of a class B felony because a deadly weapon was mentioned, he was not put on notice of an A felony because an injury was not described.

Owensby cites *Heyward v. State* (1988) 1st Dist.Ind.App., 524 N.E.2d 15, for the proposition that his sentence on the A felony must be modified to that of a B felony. We disagree. In *Heyward,* the appellant was able to demonstrate that he was misled because the information stated that a non-victim had received a bodily injury. Under caselaw interpreting the statute in effect at the time of Heyward's alleged offense, the State was required to allege and prove that a non-victim received a "serious bodily injury" (as opposed to mere "bodily injury") in order to convict Heyward of an A (as opposed to a B) felony. *Id.* at 18.

The case before us is different. Malcolm Hall was the victim and the information charges Owensby with shooting him. We agree with the State that "it's not too great a perversion of the English language or common usage of it to suggest that people that get shot ... suffer some injury." Record at 91.

Similarly, we agree with the trial court's Conclusion of Law on this issue:

> "While it is true that the phrase 'bodily injury' was not used, it cannot be seriously contended by Defendant that the

information does not allege facts that put him on notice that a 'bodily injury' occurred when the information says that the robbery was accomplished '... by shooting ... with a gun ...'" Record at 73.

There was no error in this regard. Owensby was sufficiently apprised that he was charged with a class A felony.

## II.

Owensby's second argument is that he was convicted of a crime with which he was not charged. Owensby was convicted of a class A felony. We have determined that he was charged with a class A felony. There is no merit to this argument.

## III.

 Owensby's final argument is that he was improperly sentenced because the trial court failed to consider mitigating circumstances in sentencing him.[1] He urges this court to remand to the trial court "with orders to reconsider his sentence in light of both the mitigating and aggravating circumstances and to set out a full balancing of the circumstances as anticipated by *Dumbsky v. State* (1987), Ind., 508 N.E.2d 1274." Appellant's Brief at 17.

Owensby's reliance on *Dumbsky* is misplaced. *Dumbsky* required that the trial court identify all significant mitigating and aggravating factors, state why each is considered to be mitigating or aggravating, and balance the factors. *Id.* at 1278. However, this requirement is only applicable where the sentence given has in fact been enhanced or diminished from that prescribed by statute. *Gilley v. State* (1989) Ind., 535 N.E.2d 130; *Johnson v. State* (1983) Ind., 455 N.E.2d 932. It does not alter the rule that the finding of mitigating factors is discretionary, *Gilley, supra,* nor does it affect the rule that the trial court is

not required to discuss each mitigating circumstance suggested by defendant and explain why a reduced sentence is not supported. *Conwell v. State* (1989) 2d Dist. Ind.App., 542 N.E.2d 1024.

In this case, while the trial court expressly noted aggravating factors, it did not in fact enhance Owensby's sentence. Owensby received the presumptive sentence for a class A felony, 30 years. I.C. 35–50–2–4 (Burns Code Ed.Repl.1979). Under these facts, the trial court was under no duty to identify, discuss, or balance mitigating factors.

The judgment is affirmed.

RATLIFF, C.J., and SHIELDS, P.J., concur.

---

**1.** This argument was also known and available to *Owensby* on direct appeal, as the trial court noted. The trial court found the issue to be waived under *Music v. State, supra,* 489 N.E.2d 949, but also made a determination on the merits. A trial court is permitted to judicially notice that an issue has been waived because of failure to assert it on direct appeal. *Winston v. State* (1978) 267 Ind. 587, 372 N.E.2d 183. But because the trial court here also made a determination on the merits, we are required to review that determination. *Dodson, supra,* 502 N.E.2d 1333. *See also Lindley v. State* (1981) Ind., 426 N.E.2d 398.