Richard KIRBY, Appellant
(Petitioner Below)

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 64A04–8908–PC–374.

Court of Appeals of Indiana,
Fourth District.

March 8, 1990.
Rehearing Denied May 9, 1990.

Susan K. Carpenter, Public Defender, Indianapolis, William L. Touchette, Sp. Asst., Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Petitioner–Appellant Richard Kirby (Kirby) appeals the denial of his petition for post-conviction relief.

We affirm.

Kirby presents two issues for our review. Restated, they are:

1. whether the post-conviction court erred in finding Kirby's post-conviction appeal was waived and/or barred by *res judicata;* and

2. whether Kirby was denied a fair trial due to allegedly improper jury selection procedures.

In December of 1983, Kirby was charged by information with the crime of murder in the death of his five year old son. His first trial resulted in a hung jury. Upon the setting of a second trial, Kirby filed a motion for change of venue from the county. The Porter county court denied the motion, but ruled it would utilize IND. CODE 34–2–9–2 and select a jury of Marshall County residents.[1]

---

1. I.C. 34–2–9–2 provides:

(a) In any criminal proceeding wherein the defendant is charged with murder or a Class A felony to be tried before a jury in which a motion for a change of venue from the county is filed, the court may recognize but decline to grant the motion, and order that the jury be drawn from the residents of a county other than the county in which the court is located.

(b) Pursuant to an order under this section, the court may convene in any county in the state for purposes of jury selection. The venire may be drawn by the jury commissioners of a court in the jurors' home county, or may be drawn by the court itself by random selection.

(c) After a jury is selected, the trial shall be held in the county of the court's location. The verdict of the jury and the judgment based upon it have the same validity and effect as if the jury had been drawn from the county of the court's location.

The trial court received a properly compiled list of 137 residents from Marshall County officials. The court sent a letter inviting each prospective juror to participate, yet not requiring them to do so. Because only nine prospective jurors showed up for voir dire, the jury was ultimately made up of only five Marshall County residents. The remaining seven jurors were Porter County residents. Kirby's counsel neither objected to the content of the letter nor to the method by which prospective jurors were chosen. Kirby was convicted of murder and received a sixty year sentence.

Upon appeal, our supreme court affirmed Kirby's conviction. *Kirby v. State* (1985), Ind., 481 N.E.2d 372. The court found the trial court erred in not selecting a jury consisting of entirely Marshall County residents, however, the error was found to be harmless. In so finding, the court stated:

Appellant cites *Cross v. State* (1979), 272 Ind. 223, 397 N.E.2d 265 for the proposition that when a court fails to substantially comply with a venire selection procedure then a remand is required. We find *Cross* is not applicable. The issue in the case at bar is not the method of selecting jurors but rather the venue or location of the jury pool. Appellant does not argue error in the method used to select individual jurors or in the method used to form the potential pool from the citizens of either county. In essence he contends he was entitled to a jury pool consisting of only Marshall County citizens.

481 N.E.2d at 374.

Kirby filed a petition for post-conviction relief in which he alleged the trial court's failure to select the Marshall County jury in substantial compliance with I.C. 33–4–5–2 and I.C. 33–15–22–1, warranted a new trial.[2] Kirby alleged he had not waived the issue because he had been denied effective assistance of both trial and appellate counsel. The post-conviction court denied Kirby's petition on the basis he waived the

issue and/or the issue was barred by *res judicata*. The post-conviction court also found that, even if the issue was not waived, any error in jury selection did not warrant a new trial.

Kirby now contends the issue of substantial compliance with the aforementioned statutes has not been waived because of the ineffective assistance of his trial and appellate counsel. We disagree.

Waiver may be a valid defense to a post-conviction petition where, as here, the defense is properly raised by the State. *Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538, 542. Once waiver is asserted by the State, the petitioner in a post-conviction action must show a substantial basis which would satisfactorily mitigate his failure to pursue the issue through normal procedure. *Id.* One substantial basis is the ineffective assistance of trial or appellate counsel. *Id.* 256 Ind. 199, 267 N.E.2d at 545. Because the issue of counsel's effectiveness is collateral to the question of waiver, we must first determine the issue before reaching the merits of the petition. *Id.*

The standard for determining the effectiveness of assistance of counsel is the same for both trial and appellate counsel. *Heyward v. State* (1988), Ind.App., 524 N.E.2d 15, 20 (citing *Mato v. State* (1985), Ind., 478 N.E.2d 57). Isolated poor strategy, inexperience or bad tactics will not necessarily amount to ineffective assistance of counsel. *Elliott v. State* (1984), Ind., 465 N.E.2d 707, 710. However, whenever counsel's failure to act is based on his ignorance of the law, that nonfeasance is not deemed a mere strategy decision. *Heyward, supra* (citing *Smith v. State* (1979), 272 Ind. 216, 396 N.E.2d 898). The standard was established by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, in which the court states:

A convicted defendant's claim that counsel's assistance was so defective as

**2.** I.C. 33–15–22–1 was repealed on March 1, 1984, and was recodified as IND. CODE 33–4–5–9. Since the selection of the jury in Kirby's trial began after March 1, 1984, the recodified statute applies.

to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

104 S.Ct. at 2064.

▉▉▉ The purpose of the effective assistance guarantee of the Sixth Amendment to the United States Constitution is to ensure criminal defendants receive a fair trial. *Strickland, supra* at 2065. Error of counsel does not warrant the setting aside of a judgment if the error had no effect on the judgment. *Id.* at 2066. The defendant must show there was a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 2068.

Kirby did not show his defense was prejudiced by his counsel's alleged deficient performance. Therefore, he has not shown ineffectiveness of counsel under the second component of *Strickland.*

Both Kirby's trial and appellate counsel testified at the post-conviction hearing they would have raised the issue of the jury selection procedure had they thought of it. However, they both acknowledged they conducted unlimited voir dire of the Marshall County jurors. Chief trial counsel further acknowledged there was nothing to indicate the Marshall County jurors were biased or prejudiced. Chief trial counsel

also testified he was satisfied with the jurors chosen.

The evidence presented to the post-conviction court does not show Kirby was denied a fair trial. To the contrary, the evidence shows the jurors were accepted after unlimited voir dire, and displayed no bias or prejudice.

Kirby contends the second component of *Strickland* is met when the question of substantial compliance is considered. Kirby argues a proper objection to the trial court or appeal to the supreme court would have resulted either in the trial judge changing the jury selection procedures or a new trial with a different jury. In Kirby's view, a different selection procedure resulting in different jurors created a reasonable probability of a different result in the proceedings because of the alleged closeness of the issue of his guilt.

In the guise of raising the ineffectiveness of counsel issue, Kirby invites us to decide this case on the merits. In declining to do so, we simply note Kirby has failed to show the trial court's letter excusing prospective jurors is reversible error. *Russelburg v. State* (1988), Ind., 529 N.E.2d 1193, 1196 (calling jurors out of order or excusing prospective jurors without reason or without opportunity for counsel to challenge is not reversible error unless bad faith or prejudice is shown).

Kirby has failed to show a reasonable probability of prejudice resulting from his attorneys' errors. Therefore, he has shown no substantial basis for overcoming the State's assertion of waiver of the issue of substantial compliance.[3]

Affirmed.

SHIELDS, P.J., and MILLER, J., concur.

---

**3.** Our determination on waiver renders the question of the post-conviction court's finding of *res judicata* moot.