Ulice JONES, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–9302–CR–176.

Supreme Court of Indiana.

Aug. 25, 1993.

Nathanial Ruff, Appellate Public Defender, Crown Point, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A felony, and a finding that he was a habitual offender. He received an enhanced sentence of seventy-five (75) years.

The facts are: On March 19, 1988, appellant was aiding his father Ulice Jones, Sr. in the operation of the U.F.O. Club on Calumet Avenue in Hammond, Indiana. Both the victim, Wilbert Minniefield, and his brother, Leon, were patrons at the bar on that day.

Prior to his altercation with the victim, appellant had harsh words with Leon concerning Leon's conduct in the bar. Over a period of time, the controversy with Leon grew to the point that Leon hit Ulice Sr. in the jaw, knocking him to the floor. Leon left and subsequently Wilbert entered the bar. The brothers were similar in build and appearance and appellant apparently mistook Wilbert for Leon and confronted him for striking his father.

Both men exited the bar and while in the parking lot appellant hit Wilbert in the eye, knocking him to the ground. As Wilbert attempted to stand, appellant shot him in the chest. The bullet entered his spine causing him to be paralyzed from the waist down. Appellant claims that Wilbert at-

tacked him and it was necessary for him to fire his gun in self-defense.

■ Appellant claims the State improperly solicited testimony during the State's case-in-chief of the defendant's reputation as a trouble maker and fighter. He concedes that no objection was made when this evidence was presented. However, he contends the error was so egregious that it constitutes fundamental error. He also concedes that in order to be fundamental the error must be blatant and the potential for harm must be substantial, citing *Blackmon v. State* (1983), Ind., 455 N.E.2d 586; *Lacy v. State* (1982), Ind., 438 N.E.2d 968; and *Nelson v. State* (1980), 274 Ind. 218, 409 N.E.2d 637.

As we stated in *Berkley v. State* (1986), Ind., 501 N.E.2d 399, the mere fact that a defendant has asserted self-defense does not automatically put his character at issue. Therefore, at the time the State asked witnesses the general reputation of appellant for peace and quietude in the community, during the State's case-in-chief, they were not in a position of rebuttal of defense evidence as was the situation in *Berkley*. Therefore, had an objection been made to such testimony, it should have been sustained. However, the failure to object constitutes waiver of the issue. *Green v. State* (1989), Ind., 542 N.E.2d 977.

■ We therefore approach the question solely on the issue of fundamental error. Although the questions by the prosecutor were improper at the time asked, the record demonstrates that when appellant took the witness stand in his own defense, his counsel asked the specific question, "Do you have a reputation in the neighborhood as being a tough guy?", to which he answered, "No, I don't."

Thus, when one examines the record in its entirety, it becomes obvious that appellant's reputation in the community had become an issue in the case. This coupled with the fact that appellant had knocked the victim to the ground and then shot him as he was attempting to rise is evidence from which a jury could find that appellant's guilt was supported by overwhelm-

ing independent evidence. *See Davis v. State* (1992), Ind., 598 N.E.2d 1041. This being the posture of the case, it cannot be said that the error committed by the State rises to the level of fundamental error.

■ Appellant claims the trial court erred in instructing the jury that when self-defense is raised it is correct for the jury to determine the character of both the defendant and the victim for peace and quietude. Had the defendant made an objection to the State's questions in their case-in-chief, had the trial court erred in overruling those objections, and had appellant not proceeded to place his reputation for peace and quietude in evidence, the instruction undoubtedly would have been error. But the progress of the case as outlined above had come to the point by the time final instructions were settled that it was proper to give the instruction because the issue in fact had been raised. Under the circumstances, the trial court did not commit reversible error.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

DeBRULER and KRAHULIK, JJ., concur in result.