Merle GARNER, Appellant,

v.

STATE of Indiana, Appellee.

No. 480S114.

Supreme Court of Indiana.

Dec. 30, 1980.

William J. Dougherty, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

The trial court, sitting without a jury, found appellant, Merle Garner, guilty of armed robbery pursuant to IC 35–42–5–1. He was also charged with, but not convicted of, being an habitual criminal.

The facts are as follows:

On the evening of November 15, appellant entered a small private social club. The club was not particularly exclusive and if one were known he could gain admit-

tance. The persons attending the club could engage in illegal games of chance.

After drinking a beer, appellant fired a warning shot and announced his intention to rob the club and the "members" who were present. Although the evidence is in conflict as to how many shots appellant fired, it is clear that he fired his weapon at least once, since the bartender was grazed by a bullet, and appellant admitted on re-direct examination that he fired his weapon once.

◼ Appellant claims he is entitled to a new trial because the prosecutor asked improper questions regarding appellant's prior convictions. The prosecutor asked appellant whether he had ever been convicted of second degree burglary. The court overruled appellant's objection stating the question was admissible for purposes of impeachment under *Ashton v. Anderson,* (1972) 258 Ind. 51, 279 N.E.2d 210. It is clear the question was proper under *Ashton,* since second degree burglary is a crime tending to reflect on the perpetrator's credibility for truth and veracity. The trial court did not err in overruling appellant's objection.

◼ Next, the prosecutor asked appellant if he had ever been convicted for violating the 1935 Narcotics Act. This question was not admissible under the *Ashton* rule. The trial judge correctly sustained defendant's objection. However, the prosecutor persisted and asked appellant whether he had ever been convicted for possession of heroin. Appellant's counsel objected and moved for a mistrial. Again the trial court properly sustained the objection. The court, however, did not grant the mistrial and stated that if he had been conducting a jury trial he would probably have sustained the motion for a mistrial; but inasmuch as this was a bench trial he was not inclined to grant such a motion.

The trial court correctly denied appellant's motion for a mistrial. This Court has held that "in actions tried to the court it is presumed that the judge disregarded inad-

missible testimony and weighed only proper evidence in determining whether the State carried its burden of proving beyond a reasonable doubt that the defendant committed the crime." *Ottman v. State,* (1979) Ind., 397 N.E.2d 273, 275–76. In sustaining appellant's objection, the trial court indicated the question was impermissible and that he would not consider it in making his determination as to the guilt or innocence of appellant. The prosecutor's improper questioning of appellant about his prior conviction for possession of heroin does not entitle appellant to a new trial.

◼ Another fact more fully evinces the futility of appellant's argument. Essentially, his argument is that the improper interjection of appellant's prior felony convictions so prejudiced the judge that he was denied his lawful presumption of innocence. He claims that in the interest of fairness a new trial is required. We note that immediately preceding the trial, the court held a hearing on the State's motion to amend the information. The amendment alleged that appellant had two prior felony convictions for second degree burglary and for violation of the 1935 Narcotics Act. Thus, the trial court was already aware of the prior convictions before the prosecutor raised the issue during the course of the trial. We hold that appellant is not entitled to a new trial on the grounds that the trial court was prejudiced by the prosecutor's questions with respect to appellant's criminal history which was already known to the trial judge.

Next, appellant argues that the conviction was not supported by sufficient evidence. The police officer stated there was only one spent casing and one spent bullet recovered at the scene. The injured victim testified that he heard only one shot and did not see appellant fire a shot. Another witness testified that he heard three shots fired. A fourth person stated he heard two shots.

The record shows that appellant entered the club, pulled a gun, announced a holdup,

and ordered all present to lie on the floor. Appellant took money from the cash register and from some of the patrons. The only conflict in the evidence relates to the number of shots fired during the holdup. On cross–examination, appellant testified that although he was at the club on the night in question, he did not have a gun and did not attempt to rob anyone. After a recess, on re–direct examination, appellant testified that he did indeed have a firearm at the club, which he discharged once. Appellant then stated that he didn't rob anyone, but only attempted to collect money which he claimed to have won in a gambling venture.

■ This Court will not weigh the evidence or judge the credibility of the witnesses. *Hauger v. State*, (1980) Ind., 405 N.E.2d 526. This Court will not usurp the function of the trier of fact, whether it be trial by judge or jury. *Patterson v. State*, (1970) 255 Ind. 22, 262 N.E.2d 520. The record in this case contains more than sufficient evidence from which the trial court could find beyond a reasonable doubt that appellant committed armed robbery and that injury was inflicted during the commission of the crime.

The trial court is in all things affirmed.

All Justices concur.