Richard HILL, Appellant,

v.

STATE of Indiana, Appellee.

No. 880S228.

Supreme Court of Indiana.

Aug. 12, 1981.

Rehearing Denied Nov. 6, 1981.

Richard M. Salb, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Richard Hill was convicted after trial by jury of robbery, a class A felony, Ind.Code § 35–42–5–1, and criminal confinement, a class D felony, Ind.Code § 35–42–3–3. He was sentenced to thirty years' imprisonment on the robbery count and two years' imprisonment on the confinement count, the sentences to run concurrently.

On direct appeal, Hill raises the sole issue of whether the trial court erred in not granting his motion for judgment on the evidence as to the robbery, class A felony count. He claims that the evidence on the robbery count showed only a class C robbery and that the case should have been submitted to the jury only as a class C felony.

The robbery statute provides:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear;

commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon, and a class A felony if it results in either bodily injury or serious bodily injury to any other person." Ind.Code § 35–42–5–1.

The evidence shows that Hill robbed Williamson, a taxi-cab driver. Williamson immediately began chasing Hill and was assisted in the chase by a passer-by, Bartlett, who was an off-duty private security officer. Bartlett grabbed Hill and wrestled him to the ground. Hill struck Bartlett on the forehead with the toy gun he used when robbing Williamson, inflicting a ¼ " laceration for which Bartlett did not seek medical treatment.

The issue is whether the injury to Bartlett, who was not the victim of the robbery, could give rise to Hill's liability for the class A felony.

We have recently interpreted the statute to mean that "robbery [is] a class A felony in two situations: 1) when *any* bodily injury

resulted to the person being robbed, and 2) when *serious* bodily injury resulted to any *other* person." (Emphasis added.) *Clay v. State*, (1981) —— Ind. ——, 416 N.E.2d 842, 844. "Serious bodily injury" is defined by Ind.Code § 35–41–1–2, as

"bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ."

 It is clear that Bartlett's laceration was not a "serious bodily injury." Therefore his injury could not be the basis for a finding of guilt on the class A charge. The evidence supports only a finding of guilt on a class C felony charge.

Reversed and remanded for sentencing for a class C felony.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.