**Clifford LARRY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 483S115.**

Supreme Court of Indiana.

May 1, 1985.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was originally charged with: Count I, Attempted Murder, a Class A felony; Count II, Robbery While Armed with a Deadly Weapon, a Class B felony; and Count III, Resisting Law Enforcement, a Class D felony.

The initial Count II alleged that appellant robbed one Randy Corn through the use of a sawed off shotgun, a Class B felony. Prior to trial, in order to facilitate a plea agreement, that count was amended by adding the phrase, "and said robbery resulted in bodily injury to Lt. Norton" to raise the charge to a Class A felony. Appellant then pled guilty to the amended Count II and to Count III. As a result of the plea, he was sentenced to concurrent terms of thirty (30) years and two (2) years, the former being consistent only with a conviction for a Class A felony.

Appellant then filed a post-conviction relief petition, alleging as one of its points, that the factual basis did not support the guilty plea to the amended count, in that it did not establish a Class A felony robbery. The trial court denied the petition and this appeal followed.

■ It is the position of appellant that the facts before the judge when accepting the plea, affirmatively established that the injured person, Lieutenant Bill Norton of the Grant County Sheriff's Department, referred to in the amended count, was not a victim of the robbery itself and that the injury he sustained was not a serious bodily one. Appellant concludes, upon an application of the construction given the robbery statute pertinent to his crime in *Hill v. State* (1981), Ind., 424 N.E.2d 999, and *Clay v. State* (1981), 275 Ind. 256, 416 N.E.2d 842, that the sentence was erroneously pronounced as a Class A felony. In *Clay*, the Court held that the Legislature intended to make robbery, under that statute, since amended, a Class A felony in two situations: (1) when bodily injury resulted to one of the persons being robbed, and (2) when serious bodily injury resulted to any other person. The facts recited in the record affirmatively support appellant's contention, in that they affirmatively and unequivocally demonstrate that neither of these two situations existed. A factual record of this character shows plainly that there is insufficient evidence of a factual basis for the plea. *Johnson v. State* (1983), Ind., 457 N.E.2d 196. (Givan and Pivarnik, dissenting). I.C. § 35-35-1-3.

Immediately following the perpetration of the robbery, appellant and his companions were attempting to flee police officers in an automobile. As the police officers gave chase, shots were exchanged between the robbers and the officers. Lieutenant Norton and a companion officer had been contacted by radio and attempted to head off the fleeing robbers; however, due to icy pavement they slid through the intersection they intended to block. Lieutenant Norton and his companion jumped from their police car and returned to the intersection on foot in an attempt to stop the fleeing robbers.

Lieutenant Norton testified that, as he approached the intersection on foot, the robbers' car appeared and swerved toward him. In an attempt to get out of the way of the approaching automobile, he slipped and fell on the pavement and the automobile barely missed striking him.

■ Norton received bruises on his upper leg and buttocks as a result of the fall. There were no lacerations but the skin became black and blue and was probably swollen. He testified that he had experienced pain and discomfort for four or five days after the fall and that he had experienced difficulty in sitting down. The discoloration of the skin lasted for a week to ten days and the injury did not require medical attention. The record facts show only that this injury does not fit the statu-

tory definition of "serious bodily injury", I.C. § 35-41-1-2, since repealed, in that it did not create "... a substantial risk of death or ... serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ." And furthermore, while his bodily injury occurred as a result of the robbery, *Bailey v. State*, (1980), 274 Ind. 318, 412 N.E.2d 56, it was not inflicted upon one of the persons being robbed. *Hill v. State*, *supra.* Therefore, there is no basis in the factual record for the Class A felony robbery conviction. The judgment is reversed and the trial court is instructed to permit the plea to be withdrawn.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C.J., dissents with separate opinion in which PIVARNIK, J., concurs.

GIVAN, C.J., dissenting.

I respectfully dissent from the majority opinion in this case.

I cannot agree with the decision of the majority that the injured police officer was not a victim of the robbery. The appellant and his companion were attempting to flee police who had responded to a call that a robbery was in progress. As appellant and his companion attempted to escape in an automobile, the police officers gave chase and shots were exchanged between the robbers and the officers.

Lieutenant Norton and a companion officer had been contacted by radio and attempted to head off the fleeing robbers. However, due to icy pavement they slid through the intersection they intended to block. Lieutenant Norton and his companion jumped from their police car and returned to the intersection on foot to attempt to stop the fleeing robbers.

Lieutenant Norton testified that, as he approached the intersection on foot, the robbers' car appeared and swerved toward him. In an attempt to get out of the way of the approaching automobile, he slipped and fell on the pavement and the automobile barely missed striking him. In *Bailey*

*v. State* (1980), 274 Ind. 318, 412 N.E.2d 56, this Court held that pursuit was a response that a robber could anticipate and that a trier of fact is warranted in concluding that a robbery is still in progress during pursuit.

I would hold that a police officer undertaking to effect an arrest during the perpetration of a robbery, including pursuit of the fleeing robbers, is in the same category under the statute in question in this case as the person who had been robbed. In the case at bar the fleeing robbers made a deliberate attempt to run down Lieutenant Norton while he was attempting to perform his duty in apprehending them. I believe that this places him in the category of a victim being directly threatened by the robbers in the perpetration of a robbery.

I would hold the trial court did not err in denying the post-conviction relief.

PIVARNIK, J., concurs.