Patrick **GILHAM**, Appellant
(Petitioner below),

v.

**STATE of Indiana**, Appellee
(Respondent below).

No. 584S189.

Supreme Court of Indiana.

Aug. 20, 1985.

Susan K. Carpenter, Public Defender of Ind., William L. Touchette, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This case comes to us upon an interlocutory appeal by Appellant Patrick Gilham from a ruling rendered May 10, 1984, in Lake County Superior Court, Criminal Division Three. The relevant facts in chronological order are as follows. On June 20, 1980, the trial court accepted Appellant's guilty plea to Burglary and Attempted Unlawful Deviate Conduct. The statutes in effect at this time which governed the trial judge's acceptance of Appellant's plea were Ind. Code § 35-4.1-1-3 and 35-4.1-1-4 (Burns 1976). Further, the case law interpreting these statutes and the degree to which a judge must strictly comply with them was *Neeley v. State*, (1978) 269 Ind. 588, 382 N.E.2d 714 and its progeny. On July 3, 1980, Appellant was sentenced to fourteen (14) years imprisonment and committed to the Indiana Department of Corrections. On December 3, 1981, this Court rendered a decision in *German v. State*, (1981) Ind., 428 N.E.2d 234, *reh. denied*, (Givan, C.J., and Pivarnik, J., dissenting), which overruled *Neeley v. State, supra*, by requiring much stricter compliance by a trial judge with Ind.Code §§ 35-4.1-1-3 and 35-4.1-1-4. These statutes were repealed, effective September 1, 1982, and re-enacted in amended form at Ind.Code §§ 35-35-1-2 and 35-35-1-3 (Burns 1982). The amendments made minor substantive changes and *German* remained the governing case law with regard to a trial court's acceptance of a guilty plea. On August 22, 1983, Appellant filed his *pro se* Petition for Post-Conviction Relief which was amended by counsel later. Upon passage on February 29, 1984, Senate Enrolled Act No. 71, enacted later as Public Law 179-1984 and presently codified at Ind.Code §§ 35-35-1-2 and 35-35-1-3 (Burns 1985), went into immediate effect. The amendments Senate Enrolled Act No. 71 made to Ind.Code § 35-35-1-2 and 35-35-1-3 are substantial and significant. On May 4, 1984, Appellant filed a Motion to Bar Application of Senate Enrolled Act No. 71 in his post-conviction relief proceeding. On May 10, 1984, the trial court held a hearing on Appellant's motion and upon completion denied the motion and certified the court's order for interlocutory appeal. On May 22, 1984 this Court granted Appellant's petition for interlocutory appeal of the trial court's order denying his motion to bar application of Senate Enrolled Act No. 71.

The sole issue for this Court's determination is whether the correct law for the trial judge to apply is Senate Enrolled Act No. 71 or the law in effect at the time the guilty plea was accepted, Ind.Code § 35-4.-1-1-3 and 35-4.1-1-4 as interpreted by *Neeley* and its progeny. We note now that Appellant argues that Senate Enrolled Act No. 71 cannot apply retrospectively, but then argues the governing law should be that set out in *German*, which also became law after Appellant's guilty plea was accepted. Thus, the application of *German* would also be retrospective application of the law. Accordingly, we have modified the issue to reflect the true matter of conflict in this case.

This issue was addressed in a different factual setting in *Williams v. State*, (1984) Ind., 468 N.E.2d 1036 (Givan, C.J., and Pivarnik, J., dissenting), wherein the majority of this Court decided that although *German* overruled *Neeley*, guilty pleas accepted prior to *German* but being reviewed subsequent to *German*, were governed by *Neeley*. The following is the pertinent language from *Williams*:

"A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. In *German v. State*, (1981) Ind., 428 N.E.2d 234, this Court held that a written plea agreement entered into beyond the sight and hearing of the court may not be considered an adequate substitute for specifically addressing the subject on so fundamental a matter as the concept of waiver. *German*, was decided December 3, 1981. However, the guilty plea hearing in the

case at bar was held on December 4, 1979. Consequently, we will use the standard of review employed in *Neeley v. State*, (1978) 269 Ind. 588, 382 N.E.2d 714, and look to the entire record to determine if petitioner was fully advised of and understood his constitutional rights."

*Williams v. State*, Ind., 468 N.E.2d at 1037. Williams was reaffirmed recently in *Crocker v. State*, (1985) Ind., 475 N.E.2d 686, (Pivarnik, J., dissenting). The case before us is distinguishable only in that *Williams* decided if *German* was to be retrospectively applied, whereas now we must decide whether Senate Enrolled Act No. 71 is to be applied retrospectively. The Act does not address retrospective application and refers to any time frame only by stating its immediate effectiveness upon passage. We find no reason why the same principle announced in *Williams* should not apply here and bar application of Senate Enrollment Act No. 71 retrospectively. Senate Enrolled Act No. 71 should apply prospectively only. Accordingly, the trial court should apply the law in existence at the time Appellant's plea was accepted which was Ind.Code §§ 35–4.1–1–3 and 35–4.1–1–4 and *Neeley*.

█ Appellant also has raised the issue that application of Senate Enrolled Act No. 71 which permits a successful applicant for post-conviction relief to receive a greater sentence if convicted on retrial is unconstitutional. However, Appellant presents this issue prematurely. At this time it is purely speculative to assert Appellant is threatened with a harsher sentence upon reconviction. He has not yet even prevailed in his post-conviction proceeding. Accordingly, Appellant lacks standing to present this issue for determination at this time.

This cause is remanded to the trial court for further proceedings consistent with this opinion.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.