ST. CATHERINE'S HOSPITAL, Appellant (Defendant Below),

v.

Donna J. BERGNER and Jerome Bergner, Appellees (Plaintiffs Below).

No. 3–985A242.

Court of Appeals of Indiana, Third District.

June 25, 1986.

---

Gilbert F. Blackmun, Stephen A. Tyler, Friedrich, Bomberger, Tweedle & Blackmun, P.C., Highland, for appellants.

HOFFMAN, Judge.

Defendant-appellant Saint Catherine's Hospital (Hospital) appeals the trial court's judgment granting plaintiffs-appellees' Donna J. Bergner and Jerome Bergner (the Bergners) motion for relief from a judgment, pursuant to Ind. Rules of Procedure, Trial Rule 60.

The facts relevant to this appeal disclose that the Bergners' filed a negligence suit against the Hospital in June 1979, after Mrs. Bergner fell in a shower while a patient at the Hospital. Because the Bergners failed to comply with provisions of the Medical Malpractice Act, the court granted the Hospital's motion to dismiss on April 13, 1984.

On June 13, 1984 the Bergners filed a motion to correct errors, which was denied by the court on July 18, 1984. The Bergners did not perfect an appeal.

In October 1984, the Bergners were informed that a decision by this Court had allowed a cause of action under similar circumstances, by-passing the Medical Mal-

practice Act. The Bergners filed for relief from the judgment in February 1985. The court granted the Bergners' motion and reinstated the claim in May 1985. This appeal ensued.

The issue dispositive of the case is whether the trial court erred in reinstating the Bergners' claim upon their T.R. 60 motion. In a case factually similar to the present case, *Sheraton Corp. v. Korte Paper Co., Inc.* (1977), 173 Ind.App. 407, 363 N.E.2d 1263, this Court addressed the issue of moving for relief from a judgment under T.R. 60 after a motion to correct errors was filed and denied, but no appeal was perfected.

As in the present case, a final judgment was entered against Korte, and a motion to correct errors was filed but no appeal was taken. A few months later, an unrelated case on appellate review addressing an allegation of error contained in Korte's motion to correct errors was decided by this Court in a manner favorable to Korte's position. Korte then filed for relief from the judgment entered in its case.

In reversing the trial court's decision to grant the relief requested, this Court stated:

"The ground urged for relief was merely the error of law available and in fact raised in the motion to correct errors. That a subsequent decision of this court in a different case recognized the reality of the error does not alter this. It merely demonstrates that had the claimant appealed he would have succeeded, assuming the allegedly identical evidence. However, Korte elected to take no appeal. When it forewent appeal it accepted the judgment and became bound by the law of the case. Since it neither asserted nor established any additional circumstances to invoke the court's equity powers *to relieve it from that finality,* the court abused its discretion in granting relief." [1] (Footnote added.)

---

1. The Bergners did not favor this Court with an appellees' brief, and no "additional circumstanc-

es" establishing relief were disclosed in the record.

(Original emphasis.) 173 Ind.App. at 412, 363 N.E.2d 1265–66.

Consequently, the judgment of the trial court must be reversed and the Bergners' claim must be dismissed.

Reversed and remanded for dismissal.

STATON, P.J., and MILLER, J., participating by designation, concur.