**Michael CLAY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49A02–8802–PC–42.

Court of Appeals of Indiana, Second District.

Jan. 18, 1989.

Susan K. Carpenter, Public Defender, Victoria Petrucce, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Michael Clay appeals the denial of his post-conviction relief petition.

We affirm.

Clay appeared with counsel at a hearing on May 28, 1964, and entered a plea of guilty to a reduced charge under the Offenses Against Property Act.[1] Clay was originally charged with burglary. On July 14, 1986, Clay petitioned for post-conviction relief alleging his guilty plea was not entered knowingly, intelligently, and voluntarily because he was not informed of his constitutional rights. Subsequently Clay amended his petition to allege the lack of a factual basis for his guilty plea and the guilty plea court's failure to advise him of

---

1. 1963 (Spec.Sess.) Ind.Acts, ch. 10.

the nature of the charge to which he was pleading and of the possible penalties.

The post-conviction court concluded Clay's guilty plea was entered voluntarily and intelligently and, accordingly, denied his petition. Clay argues the court erred in making this determination because Clay testified that prior to entering his plea he had not been advised of his fundamental rights, he was misadvised that his conviction was a misdemeanor, and a factual basis was not established for his guilty plea.

A petitioner in a post-conviction proceeding bears the burden to prove the grounds for relief by a preponderance of the evidence. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230. The post-conviction court possesses exclusive authority to weigh the evidence and determine the credibility of the witnesses and on review the court's ruling will not be set aside unless the evidence is without conflict and leads solely to a different result. *Id.*

Clay's argument fails because the omissions and misadvice alleged by Clay are not *per se* errors that require vacation of his guilty plea under *White v. State* (1986), Ind., 497 N.E.2d 893 and *Disney v. State* (1982), Ind.App., 441 N.E.2d 489. Clay's guilty plea was entered five years before *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.E.2d 274 and the rule is not applied retroactively. *Campbell v. State* (1975), 262 Ind. 594, 321 N.E.2d 560, 564; *Conley v. State* (1972), 259 Ind. 29, 284 N.E.2d 803, 809 n. 1.

Alternatively, Clay argues he is entitled to relief under *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501. *Harshman* concerns a guilty plea tendered by a defendant who, without benefit of counsel, pleaded guilty and did not admit the crime. 115 N.E.2d at 502. Our supreme court ordered his conviction reversed because he was denied his right to counsel. Here, although Clay testified he did not recall if he was represented by counsel, the assertion in the existing record that Clay appeared "in person and by counsel William Wurster" (Record at a) when he entered his guilty plea, supports the post-conviction court's finding he was represented by counsel. Further, Clay does not claim he did not admit the charge or in any way protest his innocence. *Harshman* is inapplicable.

Under *White* and *Disney*, a petitioner who asserts his pre*Boykin* plea was involuntary must prove prejudice. The only evidence Clay offered is his bare assertion that if he had known he was pleading guilty to a felony, and not a misdemeanor, the knowledge "would have affected [his] decision to plead guilty." Record at 83. He made no effort to establish prejudice from any of the asserted omissions including the lack of a factual basis. Without further evidence, the post-conviction court did not err in determining that Clay failed to meet his burden of proving his entitlement to relief.[2]

JUDGMENT AFFIRMED.

SULLIVAN and MILLER, JJ., concur.

---

2. Clay also argues on appeal that the post-conviction court committed reversible error in failing to find the record was impossible to reconstruct because, where a record is unavailable and reconstruction is impossible, the conviction must be vacated. However, we do not address this issue because Clay would not be entitled to *per se* relief even if the post-conviction court had found that the guilty plea record was impossible to reconstruct. Under *White v. State* (1986), Ind., 497 N.E.2d 893 and *Disney v. State* (1982), Ind.App., 441 N.E.2d 489, Clay still would have had the burden to prove that proper advice and an adequate factual basis would have changed his decision to plead guilty, a burden which he failed to meet.